IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON P. WRIGHT and JACQUELINE A. WRIGHT, <br><br>        Plaintiffs, <br>   v. <br><br> NATIONSTAR MORTGAGE, doing business as Rushmore Servicing; CLEAR RECON CORP; ALDRIDGE PITE, LLP; JOHN SCOTT BAILEY – QUICK COLLECT; CHANDLER & NEWVILLE, INC.; RAZZLE DAZZLE PROPERTIES, LLC; WOLF FAMILY TRUST; JASON M. WOLF; STACY CHANDLER WILCUT WOLF; WILLCUTS COMPANY REALTORS; RON WILLCUTS; STACY WILLCUTS; MATT WILLCUTS; MARC WILLCUTS; CHANDLER WILLCUTS; RENEE VERLEE HANKS WILLCUTS; RED HILLS DEVELOPMENT LLC; RYAN ROWLANDS; LORI FETTIG GOODWIN; RENEE ATKINSON; PARIS FETTIG; BETSY FETTIG; ELIZABETH FETTIG; ALLISON FETTIG; FETTIG FAMILY TRUSTS; SAMANTHA COOLEY; OPT REAL ESTATE; DREW COLEMAN; LYNN EARL SMITH; JESSICA FREED, also known as Jessica Cain and Jessica Kane; PREMIUM PROPERTY MANAGEMENT, INC.; JOSH NOBLE; RON NOBLE; DAM NOBLE; JOSHUA KAUFMAN MENDENHALL; AUSTIN SCHULTZ; and DOE DEFENDANTS 1-10, <br><br>        Defendants. | Case No.: 3:26-cv-00987-AN <br><br><br> OPINION AND ORDER |

Plaintiffs Jason P. Wright and Jacqueline A. Wright, who are self-represented and thus proceeding pro se, bring this action against numerous defendants regarding an allegedly wrongful foreclosure of real property.  Alongside the complaint, plaintiffs additionally filed an application to

procced without paying filings fees, (i.e., in forma pauperis or "IFP") and a motion for a temporary restraining order ("TRO") and preliminary injunction.  For the reasons stated below, plaintiffs' IFP application and plaintiffs' motion for TRO and preliminary injunction are both DENIED.

## LEGAL STANDARDS

### A.    IFP

District courts are authorized by statute to permit a party to commence litigation "without prepayment of fees or security therefor" if that party submits an affidavit showing that, in light of the assets of that party, they are "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Section 1915 "applies to all persons notwithstanding" its references to incarcerated litigants.  *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).  When determining what, if any, filing fee a plaintiff must pay, "'the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials.'"  *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (quoting *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)).

In addition to permitting litigants to proceed without paying filing fees, Section 1915 also requires a court to dismiss a complaint on its own accord, even before service of process, if it determines that the complaint is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), meaning it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.").  When this standard is not met, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez*,

2

203 F.3d at 1127.  Additionally, a court must dismiss a complaint on immunity grounds once it has "sufficient information to make a determination" that defendants are entitled to absolute or qualified immunity.  *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**B.       Pleadings by Self-Represented Litigants**

In determining whether a self-represented litigant's complaint lacks merit, courts must use "less stringent standards than" those used for "formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, "[u]nless it is absolutely clear that no amendment can cure the defect," a self-represented litigant proceeding IFP is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

**C.       TROs**

TROs are subject to substantially the same factors as preliminary injunctions.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Each is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Generally, a party seeking a TRO or preliminary injunction must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the favor of the party; and (4) an injunction is in the public interest.  *Id.* at 20-22.  In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Federal Rule of Civil Procedure 65 provides that a court "may issue a preliminary injunction only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  A court may issue an ex parte TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be

3

heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The issuance of ex parte TROs is "extremely limited" because "'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974)). Courts have recognized that issuance of an ex parte TRO may be appropriate in limited circumstances "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" or "because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (internal quotation marks and citation omitted).

## BACKGROUND

The following allegations are based on plaintiffs' complaint and the documents attached thereto. Plaintiffs currently reside at a residential property located on Keyes Lane in Dundee, Oregon (the "Property"), which plaintiffs allege maintains a fair market value exceeding one million dollars. Verified Compl., ECF 1, at 2 (all citations refer to ECF pagination). Although plaintiffs tried to pay debts owed on the Property, the Property was ultimately foreclosed upon. *Id.* at 2-3. On February 17, 2026, a trustee auction was held, and "[o]n March 9, 2026, a deed was recorded selling the property at auction to Defendant Chandler & Newville, Inc. for $520,000." *Id.* at 3. On March 10, 2026, a deed was recorded showing that the property was sold to defendant Razzle Dazzle Properties, LLC for $605,700. *Id.* Plaintiffs allege that various defendants conspired together and used deceptive practices to carry out the foreclosure and sales. *See id.*

On March 13, 2026, the Yamhill County Circuit Court issued a summons eviction against plaintiffs and all other occupants of the Property. *Id.* at 8. The summons eviction, which was issued in Case Number 26LT06196, warned plaintiffs that their "landlord wants to evict" them and ordered plaintiffs to appear at the Yamhill County Courthouse on March 24, 2026. *Id.* (capitalization modified). Plaintiffs allege that

4

they tried to seek a stay of proceedings and to disqualify the state judge presiding over the Yamhill County case, but that they "cannot obtain a constitutionally compliant hearing." *Id.* at 3. Plaintiffs further allege that defendants "caused to be filed multiple fraudulent, clouded, and unverified liens," that defendant Renee Atkinson wrongfully notarized the transfer deeds despite a conflict of interest, and that the "state court judge has direct, extensive familial, financial, and corporate ties to a regional real estate development, property-flipping, and debt-collection" group that includes certain defendants. *Id.* at 3-4. On March 17, 2026, a notice of lis pendens was issued in Yamhill County Circuit Court Case Number 26CV12886. *Id.* at 9-10. The notice states that "[t]he object of the action is the wrongful foreclosure of the [Property]." *Id.* at 9. Plaintiffs are named as the petitioners on the notice. *Id.* On May 15, 2026, plaintiffs filed an emergency motion to disqualify and to stay the state court proceedings. *Id.* at 4.

Plaintiffs initiated this action on May 18, 2026, by filing the complaint; an application to proceed IFP, ECF 2 ("IFP Appl."); and a motion for TRO and preliminary injunction, ECF 3 ("Pls. Mot."). Although plaintiffs do not expressly plead any causes of action, they appear to at least bring claims under the Federal Debt Collection Practices Act ("FDCPA"), the Fourteenth Amendment, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Verified Compl. 2. Plaintiffs plead numerous prayers for relief, including an order "enjoining Defendants and local law enforcement from executing any eviction, lockout, or property transfer regarding the [Property]"; a "judicial declaration stating that the underlying foreclosure sale and all subsequent state court eviction proceedings in local Circuit Court are unconstitutional, null, and void"; "[a]n order quietening [*sic*] title to the [Property] . . . and restoring [] Plaintiff[s] to the peaceful, unencumbered ownership of their 20-year family homestead"; compensatory and punitive damages; and an order allowing plaintiffs to pursue discovery via various subpoenas. *Id.* at 4-6. In the motion for TRO, plaintiffs ask the Court to halt "all eviction, construction, and lockout actions regarding the subject property." Pls. Mot. 2. As far as the Court is aware, none of these filings have been served on defendants.

**DISCUSSION**

**A.    IFP Application**

Plaintiffs appear to have jointly filed one IFP application. *See* IFP Appl.  Although it is signed only by Jason Wright, the first page begins, "I, Jason P. Wright, Jacqueline Wright declare that I am the plaintiff in the above-entitled proceeding." *Id.* at 1, 4-5.  Each plaintiff must file their own IFP application, which they must each sign respectively.  *See, e.g.*, *Smallwood v. Crim*, No. 3:18-cv-1816-AC, 2018 WL 11581863, at *1 (D. Or. Dec. 5, 2018); *Harrod v. Durik*, No. 2:25-cv-01575-MMD-MDC, 2025 WL 2581895, at *2 (D. Nev. Sept. 4, 2025).  While it appears that both plaintiffs would likely satisfy the economic eligibility requirements of 28 U.S.C. § 1915, the Court cannot make this determination based on the current filing.  Plaintiffs' IFP application is therefore denied with leave to amend.

Moreover, as described below, plaintiffs' complaint does not state a claim upon which relief may be granted.  This separately requires that plaintiffs' IFP application be denied.  *See Beckler v. Umpqua Bank*, No. 6:24-cv-2002-MC, 2024 WL 4972032, at *1 (D. Or. Dec. 4, 2024) ("To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous.").

**B.    Complaint**

Plaintiffs' complaint does not state a claim upon which relief may be granted and must therefore be dismissed as frivolous under Section 1915.  The thrust of plaintiffs' allegations is that defendants have conspired to unlawfully foreclose upon and evict plaintiffs from the Property, and that the state court proceedings have been fundamentally unfair.  However, this Court may not interfere with ongoing state court proceedings or review final state court decisions.

Beginning with challenges to ongoing state court proceedings, "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 n.4 (9th Cir. 2004).  "*Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions." *Beckler*, 2024 WL

6

4972032, at *2 (citing *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994)).  All prongs appear to be met here, where plaintiffs challenge eviction proceedings occurring in state court.  *See id.* (noting that *Younger* abstention likely barred federal action challenging eviction proceedings); *see also Espiriquetzal v. Quality Loan Serv. Corp. of Wash.*, No. 3:18-cv-00157-YY, 2018 WL 2988513, at *2 (D. Or. Apr. 19, 2018) ("Issuing a TRO in this case requiring Defendant . . . to stop its eviction would implicate important state interests regarding the rightful possession to real property.  Plaintiff has the opportunity to raise challenges to the eviction in that case.  It would be entirely inappropriate for this Court to interfere with the state court process.").  And though there is a narrow exception providing that federal courts should not abstain "if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate,'" plaintiffs have not pleaded sufficient facts showing such bad faith or extraordinary circumstances.  *Arevalo v. Hennessy*, 882 F.3d 763, 765-66 (9th Cir. 2018) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).  Plaintiffs' allegations on this point, for example that "Plaintiff cannot obtain a constitutionally compliant hearing or due process in the local state forum due to the extensive political and financial influence of the Defendants' network, which explicitly includes the family of the presiding judge whose spouse served as a state legislator," are too conclusory and attenuated to support plaintiffs' claims.  Verified Compl. 3.

Federal courts are also prohibited from review[ing] final judgments of a state court in judicial proceedings" under the *Rooker-Feldman* doctrine.  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).  "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  District courts must also refuse to hear cases where "the parties do not directly contest the merits of a state court decision" but the "claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (citation and quotation marks omitted).  The Ninth Circuit has held that *Rooker-Feldman* applies to actions challenging unlawful evictions.  *See Bumphus v.*

*Hazeltree Apartments*, 63 F. App'x 382, 383 (9th Cir. 2003) ("The district court properly dismissed [the plaintiff's] claim, which alleged a conspiracy that resulted in his illegal eviction, because the claim effectively seeks review of a final, state court decision."). It thus appears that this Court does not have jurisdiction to address plaintiffs' claims.

Even if this Court could reach the merits of plaintiffs' claims, they are not sufficient to withstand Section 1915 scrutiny. As to the FDCPA claim, "the Ninth Circuit has held that actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect a 'debt' as that term is defined by the [FDCPA]." *Espiriquetzal*, 2018 WL 2988513, at *2 (*citing Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 571-72 (9th Cir. 2017)). As to the Fourteenth Amendment claim, plaintiffs must allege that the defendants are state actors, that each defendant's actions "have resulted in a deprivation of [plaintiffs'] constitutional rights" and that there exists "a sufficient causal connection between each defendant's actions and the claimed deprivation." *Boyce v. DePaul*, No. 3:24-cv-00596-HZ, 2024 WL 1603683, at *3 (D. Or. Apr. 11, 2024) (citing *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991)). Plaintiffs have not sufficiently alleged that defendants are state actors, that defendants have each taken actions that resulted in deprivation of plaintiffs' constitutional rights, or that defendants' actions caused plaintiffs' deprivation. As to the RICO claim, plaintiffs have not alleged the requisite "facts that establish a pattern of racketeering activity based on a minimum of two predicate acts, a criminal enterprise in which the defendant[s] participated, and a causal relationship between the predicate acts and the harm suffered by the plaintiff[s]." *Moye v. Jiraittewanna*, No. C 08-2056 PJH, 2008 WL 1944126, at *2 (N.D. Cal. May 2, 2008) (citing 18 U.S.C. §§ 1961-68, 2314, 2315 and *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496-97 (1985)). Plaintiffs' complaint must therefore be dismissed for failure to state a claim upon which relief may be granted under Section 1915.

## C.    TRO and Preliminary Injunction

There is no doubt that plaintiffs may suffer irreparable harm if they are evicted from their home. However, for the same reasons that plaintiffs have not stated a viable claim, plaintiffs have also not

demonstrated a likelihood of success on the merits.  Because plaintiffs have not shown even serious questions going to the merits, they have not shown that a TRO or preliminary injunction is warranted at this juncture.

Separately, a preliminary injunction cannot issue without notice to the adverse party, Fed. R. Civ. P. 65(a)(1), and plaintiffs have also failed to meet the procedural requirements for requesting a TRO ex parte.  Plaintiffs' motion does not include either a certificate of service or a showing of efforts made to give notice and the reasons that notice should not be required in this case.  Nor do plaintiffs indicate that they are unable to contract defendants such that they could not provide notice.  And plaintiffs have not alleged that defendants would take any steps to frustrate the purpose of this action if given notice.  For all of these reasons, the motion for TRO and preliminary injunction is denied.

### CONCLUSION

For the reasons stated herein, plaintiffs' application to proceed in forma pauperis, ECF 2, is DENIED with leave to amend.  Plaintiffs' motion for temporary restraining order and preliminary injunction, ECF 3, is also DENIED.  The Court DISMISSES plaintiff's complaint, ECF 1, for failure to state a claim pursuant to 28 U.S.C. § 1915(e).  Dismissal is without prejudice and, out of an abundance of caution, with leave to amend.  Any amended complaint must be filed by June 19, 2026.


IT IS SO ORDERED.

DATED this 19th day of May, 2026.

Adrienne Nelson
United States District Judge

9