# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

**JASON P WRIGHT,**
**JACQUELINE A WRIGHT**

PLAINTIFFS

**V.**

**NATIONSTAR MORTGAGE d/b/a RUSHMORE SERVICING d/b/a MR COOPER**
**Et al.**

**Case No. 3:26-cv-00987- AN**

**EXHIBIT NO. 02**
**Pages 1-4**
**Plaintiffs deed of Trust from 2006**
**Et al.**

After Recording Return To:
NORTHWEST MORTGAGE GROUP, INC.
10260 SW GREENBURG ROAD, #900
PORTLAND, OREGON 97223
Loan Number: 02-60114

[Space Above This Line For Recording Data]

# DEED OF TRUST

MIN: 1000462-0000031302-3

THIS DEED OF TRUST is made this 9th day of MARCH, 2006 , among the Grantor, JASON P. WRIGHT AND JACQUELINE A. WRIGHT

(herein "Borrower"),

NORTHWEST TITLE COMPANY, 775 NE EVANS ST/ PO BOX 1239, MCMINNVILLE, OREGON 97128 (herein "Trustee"), and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. NORTHWEST MORTGAGE GROUP, INC., AN OREGON CORPORATION is organized and existing under the laws of OREGON and has an address of

10260 SW GREENBURG ROAD, #900, PORTLAND, OREGON 97223 (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of YAMHILL , State of Oregon:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: R3326-00700 77071

THIS SECURITY INSTRUMENT IS SUBORDINATE TO AN EXISTING FIRST LIEN(S) OF RECORD.

After Recording Return To:

NORTHWEST MORTGAGE GROUP, INC.
10260 SW GREENBURG ROAD, #900
PORTLAND, OREGON 97223
Loan Number: 02-60031

[Space Above This Line For Recording Data]

# DEED OF TRUST

**MIN:** 1000462-0000031298-3

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "**Security Instrument**" means this document, which is dated MARCH 9, 2006 , together with all Riders to this document.

(B) "**Borrower**" is JASON P. WRIGHT AND JACQUELINE A. WRIGHT

.

Borrower is the trustor under this Security Instrument.

(C) "**Lender**" is NORTHWEST MORTGAGE GROUP, INC.

. Lender is a OREGON CORPORATION organized and existing under the laws of OREGON . Lender's address is 10260 SW GREENBURG ROAD, #900, PORTLAND, OREGON 97223 .

(D) "**Trustee**" is NORTHWEST TITLE COMPANY 775 NE EVANS ST/ PO BOX 1239, MCMINNVILLE, OREGON 97128 .

(E) "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "**Note**" means the promissory note signed by Borrower and dated MARCH 9, 2006 . The Note states that Borrower owes Lender THREE HUNDRED SIXTY-NINE THOUSAND THREE HUNDRED EIGHTY-ONE AND 00/100 Dollars (U.S. $ 369,381.00 ) plus interest.

Certified Copy



**Exhibit 02**
Page 2 of 4

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: R3326-00700 77071

which currently has the address of 9449 NE KEYES LANE
[Street]

DUNDEE , Oregon 97115 ("Property Address"):
[City] [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of

FIRST AMERICAN

After recording return to:
Jason P. Wright and Jacqueline A. Wright
9449 NE Keyes Lane
Dundee, OR 97115

Until a change is requested all tax statements shall be sent to the following address:
Jason P. Wright and Jacqueline A. Wright
9449 NE Keyes Lane
Dundee, OR 97115

File No.: 1032-751283 (JLW)
Date: March 13, 2006

THIS SPACE RESERVED FOR RECORDER'S USE

OFFICIAL YAMHILL COUNTY RECORDS
JAN COLEMAN, COUNTY CLERK 200606202

$36.00

00229285200600062020030035

03/21/2006 03:58:35 PM

DMR-DDMR Cnt=1 Stn=2 ANITA
$15.00 $10.00 $11.00

# STATUTORY WARRANTY DEED

**Susan Elaine Gray**, Grantor, conveys and warrants to **Jason P. Wright and Jacqueline A. Wright as tenants by the entirety**, Grantee, the following described real property free of liens and encumbrances, except as specifically set forth herein:

See Legal Description attached hereto as Exhibit A and by this reference incorporated herein.

**This property is free from liens and encumbrances, EXCEPT:**

1. Covenants, conditions, restrictions and/or easements, if any, affecting title, which may appear in the public record, including those shown on any recorded plat or survey.

The true consideration for this conveyance is **$461,727.00.** (Here comply with requirements of ORS 93.030)

BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 197.352. THIS INSTRUMENT DOES NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930 AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS 197.352.

Dated this 14 day of March, 2006.



Certified Copy

**Exhibit 02**
Page 4 of 4.