IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON P. WRIGHT and JACQUELINE A. WRIGHT, | Case No.: 3:26-cv-00987-AN |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| NATIONSTAR MORTGAGE, doing business as Rushmore Servicing; CLEAR RECON CORP; ALDRIDGE PITE, LLP; JOHN SCOTT BAILEY – QUICK COLLECT; CHANDLER & NEWVILLE, INC.; RAZZLE DAZZLE PROPERTIES, LLC; WOLF FAMILY TRUST; JASON M. WOLF; STACY CHANDLER WILCUT WOLF; WILLCUTS COMPANY REALTORS; RON WILLCUTS; STACY WILLCUTS; MATT WILLCUTS; MARC WILLCUTS; CHANDLER WILLCUTS; RENEE VERLEE HANKS WILLCUTS; RED HILLS DEVELOPMENT LLC; RYAN ROWLANDS; LORI FETTIG GOODWIN; RENEE ATKINSON; PARIS FETTIG; BETSY FETTIG; ELIZABETH FETTIG; ALLISON FETTIG; FETTIG FAMILY TRUSTS; SAMANTHA COOLEY; OPT REAL ESTATE; DREW COLEMAN; LYNN EARL SMITH; JESSICA FREED, also known as Jessica Cain and Jessica Kane; PREMIUM PROPERTY MANAGEMENT, INC.; JOSH NOBLE; RON NOBLE; DAM NOBLE; JOSHUA KAUFMAN MENDENHALL; AUSTIN SCHULTZ; and DOE DEFENDANTS 1-10, | |
| Defendants. | |

Plaintiffs Jason P. Wright and Jacqueline A. Wright, who are self-represented and thus proceeding pro se, bring this action against numerous defendants regarding an allegedly wrongful

1

foreclosure of real property.  Currently pending before the Court is plaintiffs' renewed motion for a temporary restraining order ("TRO") and preliminary injunction.  For the reasons stated below, plaintiffs' motion is DENIED.

## LEGAL STANDARDS

TROs are subject to substantially the same factors as preliminary injunctions.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Each is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Generally, a party seeking a TRO or preliminary injunction must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the favor of the party; and (4) an injunction is in the public interest.  *Id.* at 20-22.  In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Federal Rule of Civil Procedure 65 provides that a court "may issue a preliminary injunction only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  A court may issue an ex parte TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).  The issuance of ex parte TROs is "extremely limited" because "'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'"  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974)).  Courts have recognized that issuance of an ex parte TRO may be appropriate in limited circumstances "where notice to the adverse party is

impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" or "because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (internal quotation marks and citation omitted).

## BACKGROUND

### A.    Factual Background

The following allegations are based on plaintiffs' amended complaint and the documents attached thereto. Plaintiffs currently reside at a residential property located on Keyes Lane in Dundee, Oregon (the "Property"). 1st Am. Compl., ECF 14, at 7 (all citations refer to ECF pagination). Plaintiffs assert that to avoid a trustee's sale scheduled for February 17, 2026, they attempted to pay debts owed on the Property on February 13; February 16, which was Presidents' Day; and February 17, 2026, the date of the trustee's sale. *Id*. Despite these attempts to pay, the Property was ultimately foreclosed upon. *Id.*

On February 18, plaintiffs sent a letter to the trustee formally requesting the "immediate recission of the foreclosure sale" and outlining the various attempts plaintiffs had made to reinstate the loan and retain the Property. *See id.* at 26. On March 4, an attorney responded to plaintiffs' letter on behalf of the trustee, stating that "funds were not received before the reinstatement quote expired" and, because the funds were not timely received, "the Trustee's agent called the sale as authorized by statute." *See id.* at 25.

Following the trustee's sale, an eviction action was initiated against plaintiffs in Yamhill County Circuit Court, styled *Razzle Dazzle Properties, LLC v. Jason P. Wright and Jacqueline A. Wright*, Case No. 26LT06196. *Id.* at 9. On March 13, the Yamhill County Circuit Court issued a summons eviction directed to plaintiffs and all other occupants of the Property. *See id.* at 32. The summons advised plaintiffs that their "landlord wants to evict" them and ordered them to appear at the Yamhill County Courthouse on March 24. *Id.* (capitalization modified).

Plaintiffs allege that the state court proceedings were "plagued" by "severe procedural irregularities." *Id.* at 9. Over plaintiffs' objections, trial proceeded before Circuit Court Judge Cynthia Kaufman Noble on April 30, 2026. Pls. Notice of Suppl. Authority, ECF 18. Following trial, but before a

ruling was issued, Judge Kaufman Noble sent a letter to the parties dated June 17, 2026, in which she "disavow[ed] everything . . . stated by [plaintiffs regarding] personal bias" but nonetheless stated the matter would be reassigned to another judge "to avoid the appearance of any bias."  1st Am. Compl., ECF 14, at 38-39.  Consistent with that reassignment, a different judge subsequently ruled on the merits of the case. Pls. Notice of Suppl. Authority, ECF 18.

**B.      Procedural History**

Based on these and some additional allegations, plaintiffs initiated this action by filing the complaint, ECF 1; an application to proceed without paying filing fees, i.e., in forma pauperis ("IFP"), ECF 2; and a motion for a temporary restraining order and preliminary injunction, ECF 3.  By opinion and order dated May 19, this Court dismissed plaintiffs' complaint without prejudice and with leave to amend for failure to state a claim under 28 U.S.C. § 1915(e), denied plaintiffs' IFP application with leave to amend, and denied plaintiffs' motion for TRO and preliminary injunction.  Op. & Order of May 19, 2026, ECF 5, at 9.  Plaintiffs filed the operative first amended complaint on July 15, 2026,[1] and later filed the present motion for TRO and preliminary injunction on July 23, 2026, ECF 16 ("Pls. Mot.").

Plaintiffs' first amended complaint brings claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), and for trustee misconduct and wrongful foreclosure.  1st Am. Compl. 12-14.  Plaintiffs request numerous forms of relief, including economic damages, statutory damages, rescission of the loan transaction, cancellation and expungement of any trustee's deed recorded against the Property, a judgment quieting title in plaintiffs' names, pre- and post-judgment interest, and any other relief the Court deems just and proper.  *Id.* at 15-16.  In their motion for TRO and preliminary injunction, plaintiffs ask the Court to "enjoin[] Defendants, their agents, employees, and the Yamhill County Sheriff from executing any writ of execution, lockout, or eviction from the" Property.  Pls. Mot. 1.

---

[1] The Court exercises its discretion to permit the untimely filing of the first amended complaint.  Plaintiffs are reminded that although self-represented litigants are afforded certain leniency, they must nonetheless comply with all applicable rules of procedure.

4

**DISCUSSION**

Plaintiffs are undoubtedly facing a difficult and distressing situation following the foreclosure of their home, and the Court recognizes that eviction will certainly cause them significant and irreparable harm. However, the Court does not have jurisdiction to grant plaintiffs the relief they seek.

Critical to the Court's analysis of plaintiffs' motion is the Yamhill County Circuit Court's ruling dated July 17, 2026, in *Razzle Dazzle Properties, LLC v. Wright*, Case No. 26LT06196. Just six days before plaintiffs filed the present motion for a temporary restraining order, Circuit Court Judge Ladd J. Wiles found that plaintiffs "failed to produce any credible evidence to support their claims" and that, "rather than establishing facts or referring to law, [plaintiffs] rel[ied] on suspicion, unproven conspiracy theories, and appeals to emotion." Pls. Notice of Suppl. Authority, ECF 18, at 4. Judge Wiles further determined that Razzle Dazzle Properties, LLC had presented credible documentary evidence and applicable law supporting its position. *Id*. The court therefore held that Razzle Dazzle Properties, LLC was entitled to immediate restitution and possession of the Property. *Id.*

This Court cannot disturb or undermine the circuit court's ruling. As described in the Court's prior order in this case, under the *Rooker-Feldman* doctrine, federal district courts are prohibited from reviewing final state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine bars federal jurisdiction over suits that function as de facto appeals of state court decisions. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). It also applies where federal claims are "inextricably intertwined" with a state court judgment such that granting relief would effectively undercut that judgment or require interpretation of state court procedures. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). The Ninth Circuit has held that *Rooker-Feldman* applies to actions challenging unlawful evictions. *See Bumphus v. Hazeltree Apartments*, 63 F. App'x 382, 383 (9th Cir. 2003) ("The district court properly dismissed [the plaintiff's] claim, which alleged a conspiracy that resulted in his illegal eviction, because the claim effectively seeks review of a final, state court decision."). Accordingly, this Court lacks jurisdiction to grant plaintiffs' motion.

**CONCLUSION**

For the reasons stated herein, plaintiffs' motion for temporary restraining order and preliminary injunction, ECF 16, is DENIED.


IT IS SO ORDERED.

DATED this 27th day of July, 2026.

Adrienne Nelson
United States District Judge