IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON P. WRIGHT and JACQUELINE A. WRIGHT,

Plaintiff,

v.

NATIONSTAR MORTGAGE, doing business as Rushmore Servicing; CLEAR RECON CORP; ALDRIDGE PITE, LLP; JOHN SCOTT BAILEY – QUICK COLLECT; CHANDLER & NEWVILLE, INC.; RAZZLE DAZZLE PROPERTIES, LLC; WOLF FAMILY TRUST; JASON M. WOLF; STACY CHANDLER WILCUT WOLF; WILLCUTS COMPANY REALTORS; RON WILLCUTS; STACY WILLCUTS; MATT WILLCUTS; MARC WILLCUTS; CHANDLER WILLCUTS; RENEE VERLEE HANKS WILLCUTS; RED HILLS DEVELOPMENT LLC; RYAN ROWLANDS; LORI FETTIG GOODWIN; RENEE ATKINSON; PARIS FETTIG; BETSY FETTIG; ELIZABETH FETTIG; ALLISON FETTIG; FETTIG FAMILY TRUSTS; SAMANTHA COOLEY; OPT REAL ESTATE; DREW COLEMAN; LYNN EARL SMITH; JESSICA FREED, also known as Jessica Cain and Jessica Kane; PREMIUM PROPERTY MANAGEMENT, INC.; JOSH NOBLE; RON NOBLE; DAM NOBLE; JOSHUA KAUFMAN MENDENHALL; AUSTIN SCHULTZ; and DOE DEFENDANTS 1-10,

Defendants.

Case No.: 3:26-cv-00987-AN

OPINION AND ORDER

Plaintiffs Jason P. Wright and Jacqueline A. Wright, who are self-represented and thus proceeding pro se, bring this action against numerous defendants regarding an allegedly wrongful foreclosure of residential property located on Keyes Lane in Dundee, Oregon (the "Property"). Currently pending before the Court is plaintiffs' motion for a temporary restraining order ("TRO") and preliminary injunction, ECF

33. For the reasons stated below, plaintiffs' motion is DENIED.

## LEGAL STANDARD

### A. TROs

TROs are subject to substantially the same factors as preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Each is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Generally, a party seeking a TRO or preliminary injunction must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

Federal Rule of Civil Procedure 65 provides that a court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A court may issue an ex parte TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The issuance of ex parte TROs is "extremely limited" because "'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974)). Courts have recognized that issuance of an ex parte TRO may be appropriate in limited circumstances "where notice to the adverse party is impossible either because the identity of the adverse

party is unknown or because a known party cannot be located in time for a hearing" or "because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (internal quotation marks and citations omitted).

### B. The *Rooker-Feldman* Doctrine

Federal courts are prohibited from "review[ing] final judgments of a state court in judicial proceedings" under the *Rooker-Feldman* doctrine. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1139 (9th Cir. 2004). A de facto appeal exists when the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). District courts must also refuse to hear cases where "the parties do not directly contest the merits of a state court decision" but the "claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A*., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks and citations omitted).

The Ninth Circuit has held that *Rooker-Feldman* applies to actions challenging unlawful evictions. *See Bumphus v. Hazeltree Apartments*, 63 F. App'x 382, 383 (9th Cir. 2003) ("The district court properly dismissed [the plaintiff's] claim, which alleged a conspiracy that resulted in his illegal eviction, because the claim effectively seeks review of a final, state court decision.").

## BACKGROUND

### A. Factual Background

The facts of this case are set forth in the Court's prior opinions and orders, which relied on plaintiffs' amended complaint and the documents attached thereto. *See* Am. Compl., ECF 5; Op. & Order of July 27, 2026, ECF 22. Since filing their amended complaint, plaintiffs have presented additional factual allegations to the Court in connection with their motions for a TRO and preliminary injunction.

Plaintiffs allege that, after the Yamhill County Circuit Court granted defendant Razzle Dazzle Properties, LLC ("Razzle Dazzle") possession of the Property, "the county deployed an overwhelming tactical force consisting of approximately 12 Yamhill County Deputy Sheriffs, local police officers, and an active surveillance drone" to the Property on September 16, 2026. *See* Pls. Mot. for TRO and Mandatory Injunction, ECF 28, at 1. It is unclear what occurred during the execution of this eviction, but plaintiffs were arrested and held overnight in jail on burglary charges. *Id.* According to plaintiffs, the District Attorney dismissed the felony charges before arraignment and reduced the charges to misdemeanor criminal trespass. *Id.* Plaintiffs further allege that "a criminal no contact order [was] issued, barring Plaintiffs from [the] property," while their "cattle remain trapped on the land without food or water, creating an active livestock crisis." *Id.* at 2.

On October 24, 2026, plaintiffs' neighbors informed them that a "no trespassing" sign had been posted on the Property, along with a notice asserting that plaintiffs had "abandoned their livestock" and announcing an auction of plaintiffs' seven head of cattle. Pls. Mot. for TRO and Preliminary Injunction, ECF 33, at 3 ("Pls. Mot.").

### B. Procedural History

On May 18, 2026, plaintiffs initiated this action by filing the complaint, ECF 1; an application to proceed without paying filing fees, i.e., in forma pauperis ("IFP"), ECF 2; and a motion for a temporary restraining order and preliminary injunction, ECF 3. On May 19, 2026, the Court dismissed plaintiffs' complaint without prejudice and with leave to amend for failure to state a claim under 28 U.S.C. § 1915(e), denied plaintiffs' IFP application with leave to amend, and denied plaintiffs' motion for a TRO and preliminary injunction. Op. & Order of May 19, 2026, ECF 5, at 9. Plaintiffs filed the operative first amended complaint on July 15, 2026, and later filed two motions for a TRO and preliminary injunction on July 23, 2026, ECF 16, and on September 22, 2026, ECF 28. The Court denied both motions for lack of jurisdiction under the *Rooker-Feldman* doctrine. Currently before the Court is plaintiffs' motion for a TRO and preliminary injunction, filed on October 26, 2026, seeking to halt the liquidation of their livestock herd. *See* Pls. Mot. The Court held oral argument on the motion on November 2, 2026.

## DISCUSSION

The state court entered a judgment granting defendant Razzle Dazzle possession of the Property and subsequently issued a Writ of Execution of Judgment directing the Sheriff to enforce the eviction. The writ expressly provided that "[Razzle Dazzle] shall be responsible for removing, storing, and disposing of any personal property left by the [plaintiffs] on the premises following the removal of the [plaintiffs]." Decl. of Mark Passannante in Supp. of Def. Resp., ECF 38, Ex. 2, at 2. Consistent with that directive, the Eviction Trespass Notice stated that "[a]ny personal property present on these premises at the time this notice was served, 09/04/2026, [i]s in the possession of the landlord and may be redeemed by contacting the landlord…". *Id.* at 3. Accordingly, the state court's eviction proceeding expressly contemplated the disposition of personal property remaining on the Property following plaintiffs' removal. Although the writ did not specifically identify plaintiffs' cattle, the cattle were among the property plaintiffs left on the premises following their removal.

The record further reflects that Razzle Dazzle made several attempts to contact plaintiffs and arrange for them to retrieve their cattle before the October 27, 2026 deadline for the scheduled auction. *See* Pls. Mot, Exs. 7-10. Plaintiffs contend that a criminal no-contact order prevented them from returning to the Property to retrieve their cattle. Pls. Mot. 4-5. Nevertheless, Razzle Dazzle's attempts to facilitate the retrieval of the cattle were consistent with the Eviction Trespass Notice, which directed plaintiffs to contact the landlord to redeem personal property remaining on the premises. Whether plaintiffs were able to retrieve their cattle before the deadline, or whether the no-contact order presented an obstacle to doing so, does not alter the scope of the state court's judgment or the implementing writ.

The Court recognizes that the threatened auction of plaintiffs' cattle may constitute an injury distinct from the underlying eviction. But the fact that an alleged injury arises after entry of a state court judgment does not, by itself, establish that the injury is independent of that judgment. Rather, the Court must consider the relief plaintiffs seek and whether granting that relief would operate as a de facto appeal of that state court judgment. *See Hooper v. Brnovich*, 56 F.4th 619, 625 (9th Cir. 2022); *Cooper v. Ramos*, 704 F.3d 772, 777-79 (9th Cir. 2012).

Here, plaintiffs seek to prevent the liquidation of their cattle and, in effect, obtain relief that would preserve their ability to retrieve the animals from the Property. An order prohibiting Razzle Dazzle from auctioning or otherwise disposing of the cattle would restrict Razzle Dazzle's ability to carry out the authority and responsibilities conferred by the state court's writ, which expressly assigned Razzle Dazzle responsibility for removing, storing, and disposing of personal property left on the premises. Similarly, an order requiring that the cattle be returned to the Property or permitting plaintiffs' neighbors to enter the Property to feed and care for the animals would interfere with the state court's award of possession to Razzle Dazzle. The state court awarded Razzle Dazzle possession of the Property, and this Court cannot authorize third parties to enter another party's premises for the purpose of accessing and caring for property located there without implicating that state court judgment.

Thus, although plaintiffs characterize their requested relief as necessary to prevent the loss of their livestock, granting that relief would require this Court to restrict the effect of the state court's judgment and the writ issued to enforce it. In substance, plaintiffs ask this Court to intervene in the implementation of the state court's eviction judgment by preventing the disposition of property left on the premises and by authorizing access to the property. Such relief would effectively require this Court to review or reject the state court's determination concerning Razzle Dazzle's possession of the Property. The *Rooker-Feldman* doctrine does not permit a federal district court to provide that form of relief.

## CONCLUSION

For the reasons stated herein, plaintiffs' motion for temporary restraining order and preliminary injunction, ECF 33, is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of November, 2026.

Adrienne E Nelson

Adrienne Nelson
United States District Judge